PUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

In Re: LORRAINE B. RUNSKI,
Debtor.

CYPHER CHIROPRACTIC CENTER,

Creditor-Appellant,

No. 96-1081

v.

LORRAINE B. RUNSKI,
Debtor-Appellee.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, District Judge.
(CA-95-1427-A, BK-95-11819-MVB)

Argued: October 29, 1996

Decided: December 18, 1996

Before WILKINSON, Chief Judge, and WIDENER and WILKINS,
Circuit Judges.

_____

Reversed by published opinion. Judge Wilkins wrote the opinion, in
which Chief Judge Wilkinson and Judge Widener joined.

_____

**COUNSEL**

**ARGUED:** Warren W. Grossman, GROSSMAN & SANDOVAL,
McLean, Virginia, for Appellant. Steven Brett Ramsdell, TYLER,

BARTL, BURKE & ALBERT, Alexandria, Virginia, for Appellee.
**ON BRIEF:** Thomas P. Gorman, TYLER, BARTL, BURKE &
ALBERT, Alexandria, Virginia, for Appellee.

_____

**OPINION**

WILKINS, Circuit Judge:

Cypher Chiropractic Center (Cypher) appeals a decision of the
bankruptcy court allowing the debtor, Lorraine B. Runski, to redeem
certain personal property pursuant to 11 U.S.C.A.§ 722 (West 1993).
We conclude that the property in question is not subject to redemption
because it is not "intended primarily for personal, family, or house-
hold use." Accordingly, we reverse.

I.

In 1993, Cypher sold its chiropractic business and all of its assets
to Runski for $50,000. Cypher financed a portion of the purchase
amount, securing the loan with a lien on the medical and office equip-
ment included in the purchase of the business assets. Runski eventu-
ally defaulted on the loan and filed a Chapter 7 bankruptcy petition.
The bankruptcy court granted Runski's subsequent motion to redeem
the medical and office equipment pursuant to § 722, concluding that
because Runski owned the property in her own name and was the sole
user, the medical and office equipment constituted "property intended
primarily for personal . . . use" within the meaning of that provision.
The district court affirmed.

We review the decision of the district court de novo, effectively
standing in its shoes to consider directly the findings of fact and con-
clusions of law by the bankruptcy court. Butler v. David Shaw, Inc.,
72 F.3d 437, 440 (4th Cir. 1996). As such, we review legal conclu-
sions by the bankruptcy court de novo and may overturn its factual
determinations only upon a showing of clear error. Id. at 441. The
proper construction of the Bankruptcy Code is a question of law sub-
ject to plenary review. Id.

2

II.

Section 722 of the Bankruptcy Code provides:

> "An individual debtor may, whether or not the debtor has waived the right to redeem under this section, redeem tangible personal property intended primarily for personal, family, or household use, from a lien securing a dischargeable consumer debt, if such property is exempted under section 522 of this title or has been abandoned under section 554 of this title, by paying the holder of such lien the amount of the allowed secured claim of such holder that is secured by such lien.

11 U.S.C.A. § 722. Cypher does not dispute that the medical and office equipment at issue either is exempted or has been abandoned by the trustee, thereby making the property available for redemption. Accordingly, the principal issue before us is whether the bankruptcy court correctly determined that the property was "property intended primarily for personal, family, or household use."

Cypher contends that the bankruptcy court erred in determining that Runski was entitled to redeem the medical and office equipment. Before the bankruptcy court, Runski agreed that the medical and office equipment is not "family" or "household" goods, but argued that because she owned the equipment in her own name and that she, herself, used it in the course of her business, the equipment was "personal" to her. The bankruptcy court agreed.[1] Cypher challenges this

_____

[1] In holding that the medical and office equipment was for personal use and thus subject to redemption under § 722, the bankruptcy court noted that the right of redemption under § 722 was intended to be broader than the right of redemption under the Uniform Commercial Code. See 11 U.S.C.A. § 722 note. Of course, by its own terms § 722 is broader than the right of redemption contained in § 9-506 of the Uniform Commercial Code. See U.C.C. § 9-506, 3B U.L.A. 370 (1992). For example, § 722 does not require the debtor to pay the indebtedness in its entirety in order to redeem the property. Compare S. Rep. No. 989, 95th Cong., 2d Sess. 7, reprinted in 1978 U.S.C.C.A.N. 5787, 5793 (noting that § 722 allows a debtor to redeem property by paying the lesser of the amount of the

3

ruling, maintaining that the relevant consideration in determining whether property is subject to redemption under § 722 is the purpose for which the property is used, not the manner in which it is titled. And, Cypher argues, because the property was used for the purpose of conducting a business, it is not "intended primarily for personal . . . use" within the meaning of § 722. We agree.

Section 722 was enacted to protect debtors from creditors with security interests in all of the debtor's property, including household goods such as furnishings, cooking utensils, pets, clothing, or musical instruments. See H.R. Rep. No. 595, 95th Cong., 2d Sess. 127-128 (1977), reprinted in 1978 U.S.C.C.A.N. 5963, 6088-89. Although such items have little market value, they have a high replacement cost, allowing unscrupulous creditors to threaten foreclosure on all of the debtor's personal property thereby exerting undue pressure on the debtor to reaffirm the debt. Id. Section 722 was intended to solve this problem by effectively giving the debtor a right of first refusal over a foreclosure sale, allowing the debtor to redeem the property by paying the lienholder the value of the property or the amount of the lien, whichever is less. S. Rep. No. 989, 95th Cong., 2d Sess. 7, 95 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5793, 5881. The debtor thus is protected from having to replace mundane household items, while the creditor is assured of receiving the amount of his secured claim. H.R. Rep. No. 595 at 127, reprinted in 1978 U.S.C.C.A.N. at 6088. The provision is targeted explicitly to the problem of consumer debtors; partnership and corporate debtors are excluded. See 4 Collier on Bankruptcy ¶ 722.01[1] (Lawrence P. King ed., 15th ed. 1996).

The phrase "personal, family, or household use" is not defined in the Bankruptcy Code, and the limited caselaw construing § 722 is not helpful. However, similar language is found in the definition of the term "consumer debt," which the Code defines as "debt incurred by an individual primarily for a personal, family, or household purpose."

_____

claim or the value of the property) with U.C.C. § 9-506 official cmt., 3B U.L.A. 371 (1992) (stating that in order to redeem property under § 9-506, the debtor must pay all obligations then due and noting that "[i]f unmatured obligations remain, the security interest continues to secure them as if there had been no default").

4

11 U.S.C.A. § 101(8) (West 1993). Because the rules of statutory construction require us to presume that these terms have the same meaning throughout the same act, see United States Nat'l Bank v. Independent Ins. Agents of Am., Inc., 508 U.S. 439, 460 (1993), we turn to cases construing the language of § 101(8) for aid in determining the proper meaning of the nearly identical language found in § 722.**2**

In determining whether debt is for "personal, family, or household purposes" under § 101(8), courts look to the purpose for which the debt was incurred. See Zolg v. Kelly (In re Kelly), 841 F.2d 908, 913 (9th Cir. 1988). And, courts have concluded uniformly that debt incurred for a business venture or with a profit motive does not fall into the category of debt incurred for "personal, family, or household purposes." See, e.g., id. ("Debt incurred for business ventures or other profit-seeking activities is plainly not consumer debt . . . ."); In re Bell, 65 B.R. 575, 577 (Bankr. E.D. Mich. 1986) (same). In short, debt incurred for a business venture is not "consumer debt" because it is not "debt incurred by an individual primarily for a personal, family, or household purpose."

Runski acknowledges that the medical and office equipment is used with a profit motive, i.e., she seeks to make a living as a chiropractor. Runski essentially argues, however, that because she owns the property in her own name, it is property for personal use. She asserts that any other reading of the language of§ 722 would overemphasize the importance of the terms "family use" and "household use," effectively eliminating the term "personal use" from the statute. We disagree. The terms "personal," "family," and "household" describe three different categories of goods, and although these categories undoubtedly overlap to some extent--for example, a television set may be used by the debtor personally and by family members--there are some items of personal property, such as clothing, that only the debtor typically would use. Thus, excluding goods used with a profit motive from the category of "personal use" consumer goods does not read the category out of § 722. Runski's argument also is

_____

**2** The comparison between the language of § 101(8) and the language of § 722 is particularly appropriate in light of Congress' intent to protect consumer debtors in enacting § 722. See S. Rep. No. 989 at 7, reprinted in 1978 U.S.C.C.A.N. at 5793.

5

problematic in that it focuses on the manner in which the property is titled to the exclusion of the more relevant consideration of the use of the property. Consequently, we conclude that property used for business purposes or with a profit motive is not "property intended primarily for personal . . . use" within the meaning of § 722.[3]

III.

We hold that the bankruptcy court erred in determining that property is redeemable under § 722 solely because it is titled in the name of the debtor. Rather, the proper course in deciding whether personal property is "intended primarily for personal, family, or household use," and thus is subject to redemption, is to examine the purposes for which the property is used. Because the property at issue is used solely for the operation of a business, it is not redeemable under § 722. Accordingly, we reverse.[4]

REVERSED

_____

[3] Cypher also argues that, even if the medical and office equipment is property intended for personal use within the meaning of § 722, redemption nevertheless was unavailable because the lien securing the property was not for a "consumer debt" as that term is defined in § 101(8). As discussed above, Runski purchased Cypher's business and related assets for the purpose of engaging in the practice of chiropractic medicine as a means of earning her living. Therefore, the debt secured by the medical and office equipment is not a "consumer debt," and thus the property securing it is not subject to redemption on this additional basis.

[4] Runski contends that if this court concludes that the bankruptcy court erred in its ruling on the merits of the motion for redemption of property, we should remand for a determination of whether Cypher's opposition to that motion was filed timely. The bankruptcy court elected to overlook any procedural failing by Cypher in favor of reaching the merits of the appropriateness of redemption. Although the record is not clear, it appears that the bankruptcy court intended to grant an enlargement of time for the filing of an opposition pursuant to Bankruptcy Rule 9006(b)(1), 11 U.S.C.A. (West Supp. 1996).