120 F.3d 38
 31 Bankr.Ct.Dec. 183
 In re PUCCI SHOES, INCORPORATED, Debtor.
Raymond A. YANCEY, Plaintiff-Appellee,
v.
Robert VARNER; Virginia Varner, Defendants-Appellants.
 No. 96-2276.
 United States Court of Appeals,
Fourth Circuit.
 Argued May 8, 1997.
Decided July 23, 1997.
 
 ARGUED: John Edwards Harrison, Harrison & Hughes, P.C., Alexandria, VA, for Appellants. Tina Maria McMillan, Mayer & Scanlan, P.C., Fairfax, VA, for Appellee.
 Before HALL, WILKINS, and WILLIAMS, Circuit Judges.
 Vacated and remanded for further proceedings by published opinion. Judge WILKINS wrote the majority opinion, in which Judge WILLIAMS joined. Judge HALL wrote a dissenting opinion.
 OPINION
 WILKINS, Circuit Judge:
 
 
 1
 Robert and Virginia Varner appeal a $10,000 judgment entered against them by the district court in this action brought by Raymond A. Yancey, trustee of the bankruptcy estate of debtor Pucci Shoes, Incorporated (Pucci), to set aside a transfer from Pucci to the Varners pursuant to 11 U.S.C.A. §§ 547(b), 549(a) (West 1993). The district court rejected the Varners' claim that they were entitled to retain the transfer as an exchange for value occurring between the filing of an involuntary bankruptcy petition and the entry by the bankruptcy court of an order of relief. See 11 U.S.C.A. § 549(b) (West Supp.1997). The Varners argue that the district court erred in concluding that the transfer did not qualify for the § 549(b) exception because the Varners did not provide value prior to or contemporaneously with the transfer. We agree with the Varners that § 549(b) imposes no requirement that the value provided for a transfer be made prior to or simultaneously with the transfer. However, because the bankruptcy court did not render factual findings on other aspects critical to a determination of whether § 549(b) may be applied here, we remand for further proceedings consistent with this opinion.
 
 I.
 
 2
 On December 23, 1993, an involuntary petition seeking relief under Chapter 7 of the Bankruptcy Code was filed against Pucci. The following day, Pucci's manager, Robert Dekar, visited his stepfather and mother Robert and Virginia Varner, the sole stockholders of Pucci. Dekar presented the Varners, who were unsecured creditors of Pucci for over $100,000, with a check for $10,000 and obtained the Varners' agreement to infuse additional capital into the corporation by obtaining a loan using their personal residence as collateral. Dekar testified before the bankruptcy court that the $10,000 transfer was intended to cover the Varners' expenses in obtaining the additional line of credit. The Varners subsequently made two loans to Pucci--the first, in July, was for $50,000 and the second, in September, was for $60,000. Thereafter, on December 20, 1994, the bankruptcy court entered an order of relief.
 
 
 3
 Yancey subsequently brought this action seeking to set aside the $10,000 payment to the Varners. The Varners opposed the action, asserting that the transfer fit within the exception to the trustee's power to set aside a postpetition payment by a debtor set forth in § 549(b). The parties stipulated to the relevant dates, and the Varners offered the testimony of Dekar to the facts set forth above. The bankruptcy court ruled that the Varners had not proven their entitlement to the § 549(b) exception, reasoning that the transfer to the Varners was not made simultaneously with the transfer of the $110,000 to Pucci. Thus, the bankruptcy court entered a $10,000 judgment against the Varners.
 
 
 4
 On appeal, the district court affirmed, explaining:
 
 
 5
 The purpose of the [§ 549(b) ] exception is to allow a business to continue normal operations while an involuntary petition is pending. This purpose is not served by the Varners' July and September loans, which, though surely helping to sustain the company, were both attenuated in connection and remote in time from the $10,000 payment. Rather than given "in exchange" for "value," the payment was merely incidental to securing an infusion of additional capital in the future by means of a loan. The court aligns itself with those cases giving a narrow reading to § 549(b) and imposing a condition of substantial simultaneity in the exchange.
 
 
 6
 J.A. 48-49. The Varners appeal from this decision.
 
 II.
 
 7
 A bankruptcy court is authorized to enter final judgment in a core bankruptcy proceeding referred to it by the district court. See 28 U.S.C.A. § 157 (West 1993 & Supp.1997); United States v. Wilson, 974 F.2d 514, 516 (4th Cir.1992); Canal Corp. v. Finnman (In re Johnson), 960 F.2d 396, 399 (4th Cir.1992). On appeal from such a final decision of a bankruptcy court, a district court acts as an appellate tribunal, reviewing the findings of fact of the bankruptcy court for clear error and its legal conclusions de novo. See 28 U.S.C.A. § 158(a) (West Supp.1997); In re Johnson, 960 F.2d at 399. When acting in this capacity, the district court is not authorized to make its own findings on disputed issues of fact in the first instance. See Great W. Bank v. Sierra Woods Group, 953 F.2d 1174, 1176 (9th Cir.1992); In re Neis, 723 F.2d 584, 588-89 (7th Cir.1983). On appeal from the decision of the district court, a court of appeals exercises de novo review of the district court, "effectively standing in its shoes to consider directly the findings of fact and conclusions of law by the bankruptcy court." Cypher Chiropractic Ctr. v. Runski (In re Runski), 102 F.3d 744, 745 (4th Cir.1996). Accordingly, "we review legal conclusions by the bankruptcy court de novo and may overturn its factual determinations only upon a showing of clear error." Id.
 
 
 8
 A bankruptcy trustee is authorized by § 549(a) of the Bankruptcy Code to avoid certain transfers of property of the bankruptcy estate "that occur[ ] after the commencement of the case." 11 U.S.C.A. § 549(a). Section 549(b) provides an exception to the trustee's power to set aside postpetition transfers:
 
 
 9
 In an involuntary case, the trustee may not avoid under subsection (a) of this section a transfer made after the commencement of such case but before the order for relief to the extent any value, including services, but not including satisfaction or securing of a debt that arose before the commencement of the case, is given after the commencement of the case in exchange for such transfer, notwithstanding any notice or knowledge of the case that the transferee has.
 
 
 10
 11 U.S.C.A. § 549(b). The time between the filing of the petition for involuntary bankruptcy and the order of relief commonly is referred to as the "gap period." Hamilton v. Lumsden (In re Geothermal Resources Int'l, Inc.), 93 F.3d 648, 651 n. 1 (9th Cir.1996) (per curiam). Thus, a transfer of property of the bankruptcy estate made in exchange for value during the gap period may not be avoided by a bankruptcy trustee.
 
 
 11
 The sole question presented to us is whether, in order to satisfy the § 549(b) exception, the value provided in exchange for property of the bankruptcy estate must be given prior to or simultaneously with the transfer of the property, provided the transfer is made and the value is given during the gap period. As a question of the correct interpretation of the Bankruptcy Code, this issue is one of law subject to plenary review. See In re Runski, 102 F.3d at 745.
 
 
 12
 As with all questions of statutory construction, our analysis begins with the language of the statute. See Robinson v. Shell Oil Co., 519 U.S. 337, ----, 117 S.Ct. 843, 846, 136 L.Ed.2d 808 (1997); Maurice Sporting Goods, Inc. v. Maxway, Corp. (In re Maxway Corp.), 27 F.3d 980, 982 (4th Cir.1994). The plain language of § 549(b) imposes no requirement that the value provided and the property of the bankruptcy estate be exchanged simultaneously. See 11 U.S.C.A. § 549(b). Instead, § 549(b) requires only that the property and the value be exchanged during the gap period. See In re Geothermal Resources Int'l, Inc., 93 F.3d at 651-52; see also 5 Collier on Bankruptcy p 549.05 (Lawrence P. King ed., 15th ed.1996) (discussing § 549(b) exception without mentioning a simultaneity requirement). Yancey does not assert that the language contained in § 549(b) is ambiguous or that a literal reading of the language of § 549(b) would be contrary to clearly expressed congressional intent, frustrate the purpose of the statute, or lead to an absurd result. See In re Maxway Corp., 27 F.3d at 982-83. Consequently, our interpretive task is complete.[1]
 
 
 13
 Yancey contends, however, that it is well settled that a transfer in exchange for a promise for services to be performed in the future is insufficient to support application of the § 549(b) exception and that the Varners offered only a promise to perform services in the future in exchange for the $10,000 payment. See, e.g., In re Geothermal Resources Int'l, Inc., 93 F.3d at 651-52. But, the Varners exchanged more than a promise to perform services in the future; they actually performed during the gap period. See id.
 
 
 14
 Although we agree with the Varners that, as a legal matter, the value exchanged for property of the bankruptcy estate need not be provided prior to or simultaneously with the transfer so long as the value is given during the gap period, we are not prepared to hold that they necessarily are entitled to the benefit of the § 549(b) exception. Because the bankruptcy court rested its ruling on the lack of simultaneity of the exchange, it did not render specific findings on a number of issues critical to application of § 549(b). For example, the bankruptcy court did not address whether the transfer to the Varners actually was in exchange for their assistance in obtaining the additional line of credit as opposed to some other purpose, such as partial repayment of the funds Pucci already owed them.[2] And, assuming that the $10,000 payment to the Varners was made to obtain the additional line of credit, the district court made no finding concerning the worth of this "value." As reviewing courts, neither this court nor the district court is authorized to make these factual determinations in the first instance. Therefore, we remand this action to the bankruptcy court for additional consideration.
 
 
 15
 VACATED AND REMANDED FOR FURTHER PROCEEDINGS.
 
 HALL, Circuit Judge, dissenting:
 
 16
 It is true that 11 U.S.C. § 549(b) does not contain the words "simultaneous" or "contemporaneous." On the other hand, it does require that the postpetition transfer be in "exchange" for value, and I think that "exchange" implies simultaneity. See In re Williams Contract Furniture, Inc., 148 B.R. 805, 808 (Bankr.E.D.Va.1992); In re Fort Dodge Creamery Co., 121 B.R. 831, 835 (Bankr.N.D.Iowa 1990) (Section 549(b) "protect[s] contemporaneous exchanges for value"); In re 222 Liberty Associates, 94 B.R. 381, 385 (Bankr.E.D.Pa.1988) ("[T]he language of § 549(b) ... suggest[s] that the quid of the transfer must have occurred prior to or simultaneously with its quo"), rev'd on other grounds, 110 B.R. 686 (E.D.Pa.1989). Section 549(b) serves a narrow purpose--preserving the estate--and strikes a careful balance in doing so. The estate will suffer if routine business cannot be conducted; a debtor bakery must sell today's bread or waste it. But the estate will also suffer if transferred property is not replaced by something of equivalent value; the bakery that gives the bread away has diminished its assets.
 
 
 17
 A mere promise to provide the debtor with something of value in the future is not "value" within the meaning of § 549(b). In re Geothermal Resources International, Inc., 93 F.3d 648, 651 (9th Cir.1996); In re Sanchez-Casis, 99 B.R. 115, 117 (Bankr.S.D.Fla.1989). The debtor does not serve § 549(b)'s narrow purpose by converting the estate's hard assets into a pile of IOUs. He may well collect on some of his IOUs before the order for relief, but the very possibility that he may not collect shows that the IOU, standing alone, has no "value" within the meaning of § 549(b). Because I agree with those courts that have held that an "exchange" implies that real value be received contemporaneously with the transfer, I would affirm the judgment.
 
 
 18
 I respectfully dissent.
 
 
 
 [1]
 In support of the position adopted by the district court, Yancey points to several decisions in which bankruptcy courts have indicated that the property of the bankruptcy estate and the value must be exchanged contemporaneously to satisfy the § 549(b) exception. E.g., Shaia v. Conoco, Inc. (In re Williams Contract Furniture, Inc.), 148 B.R. 805, 808 (Bankr.E.D.Va.1992); 222 Liberty Assocs. v. Philadelphia Elec. Co. (In re 222 Liberty Assocs.), 94 B.R. 381, 385 (Bankr.E.D.Pa.1988), rev'd, 110 B.R. 686 (E.D.Pa.1989). These decisions offer little reasoning in support of this conclusion, and we find them unpersuasive
 
 
 [2]
 The Varners asserted at oral argument that the $60,000 amount delivered to Pucci in September included repayment of the $10,000 transfer. We elect not to address this contention, leaving it for the bankruptcy court to consider on remand