HALL, Circuit Judge,
dissenting:
It is true that 11 U.S.C. § 549(b) does not contain the words “simultaneous” or “contemporaneous.” On the other hand, it does require that the postpetition transfer be in “exchange” for value, and I think that “exchange” implies simultaneity. See In re Williams Contract Furniture, Inc., 148 B.R. 805, 808 (Bankr.E.D.Va.1992); In re Fort Dodge Creamery Co., 121 B.R. 831, 835 (Bankr.N.D.Iowa 1990) (Section 549(b) “protect[s] contemporaneous exchanges for value”); In re 222 Liberty Associates, 94 B.R. 381, 385 (Bankr.E.D.Pa.1988) (“[T]he language of § 549(b) ... suggests] that the quid of the transfer must have occurred prior to or simultaneously with its quo”), rev’d on other grounds, 110 B.R. 686 (E.D.Pa.1989). Section 549(b) serves a narrow purpose— preserving the estate — and strikes a careful balance in doing so. The estate will suffer if routine business cannot be conducted; a debtor bakery must sell today’s bread or waste it. But the estate will also suffer if transferred property is not replaced by something of equivalent value; the bakery that gives the bread away has diminished its assets.
A mere promise to provide the debtor with something of value in the future is not “value” within the meaning of § 549(b). In re Geothermal Resources International, Inc., 93 F.3d 648, 651 (9th Cir.1996); In re SanchezCasis, 99 B.R. 115, 117 (Bankr.S.D.Fla.1989). The debtor does not serve § 549(b)’s narrow purpose by converting the estate’s hard assets into a pile of IOUs. He may well collect on some of his IOUs before the order for relief, but the very possibility that he may not collect shows that the IOU, standing-alone, has no “value” within the meaning of § 549(b). Because I agree with those courts that have held that an “exchange” implies that real value be received contemporaneously with the transfer, I would affirm the judgment.
I respectfully dissent.