**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

In Re: T&T FUELS, INCORPORATED,
                                    *Debtor.*

MARTIN P. SHEEHAN, Trustee for the
Bankruptcy Estate of T&T Fuels,
Inc. and/or Counsel for the Trustee
for the Bankruptcy Estate of T&T
Fuels, Inc.,
                    *Plaintiff-Appellant,*

v.

WEST VIRGINIA DEPARTMENT OF
ENVIRONMENTAL PROTECTION,
                    *Defendant-Appellee,*

and

WEST VIRGINIA STATE TAX
DEPARTMENT; PAUL THOMAS; LOWELL
THOMAS; BASS ENERGY,
INCORPORATED; T&T COALS,
INCORPORATED; T&T MANAGEMENT
COMPANY, INCORPORATED; UNITED
STATES BANKRUPTCY COURT,
                    *Parties in Interest.*

No. 02-1026

Appeal from the United States District Court
for the Northern District of West Virginia, at Elkins.
Frederick P. Stamp, Jr., District Judge.
(CA-00-83-2, BK-95-21264)

Argued: December 3, 2002

Decided: January 9, 2003

Before WILLIAMS and TRAXLER, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

**ARGUED:** Martin Patrick Sheehan, SHEEHAN & NUGENT,
P.L.L.C., Wheeling, West Virginia; William Anthony Kolibash,
PHILLIPS, GARDILL, KAISER & ALTMEYER, Wheeling, West
Virginia, for Appellant. Mark J. Rudolph, Office of Legal Services,
DEPARTMENT OF ENVIRONMENTAL PROTECTION, Charles-
ton, West Virginia, for Appellee. **ON BRIEF:** Denise Knouse-
Snyder, PHILLIPS, GARDILL, KAISER & ALTMEYER, Wheeling,
West Virginia, for Appellant. Christopher D. Negley, Office of Legal
Services, DEPARTMENT OF ENVIRONMENTAL PROTECTION,
Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

   Martin P. Sheehan, a trustee in bankruptcy for T&T Fuels, Inc.,
filed a motion in bankruptcy court for imposition of a constructive
trust and for a direct payment of quantum meruit fees by the West
Virginia Department of Environmental Protection (DEP). Sheehan's
claim was based on work performed by counsel that he, as trustee,
retained to pursue causes of action against the two directors of T&T
Fuels, Paul and Lowell Thomas. The bankruptcy court concluded that
Sheehan's claim against the DEP was barred by the Eleventh Amend-

ment and thus denied the motion. The district court affirmed. Sheehan now appeals the district court's decision. Because we agree with the district court's analysis and conclusion, we affirm.

I.

T&T Fuels mined coal in Preston County, West Virginia from 1971 to 1993. These mining activities produced large quantities of acid mine drainage, and in 1994, acid-laden water began to discharge directly into the waters of West Virginia. The DEP issued several violation notices and cessation orders requiring T&T Fuels to treat the discharge from its mines and assessed mandatory civil penalties.

On October 27, 1995, T&T Fuels filed a Chapter 7 bankruptcy petition, and Sheehan was appointed as trustee. The DEP began treatment of the site and immunized Sheehan from any personal liability. The DEP filed a multimillion dollar proof of claim against the bankruptcy estate, to which Sheehan objected. In September 1996, a trial was held in bankruptcy court on the DEP's claim, and on February 20, 1997, the bankruptcy court determined the amount of the DEP's claim at $6.7 million and changed its status from administrative priority to general unsecured. The DEP's claim was intended to fund twenty years of treatment of the damage caused by the acid mine drainage. Although there were several claims filed against the debtor, the DEP's claim exceeded the total of all other claims filed.

Sheehan employed counsel on a contingent fee basis to pursue claims against the two directors of T&T Fuels, Paul Thomas, and his brother, Lowell Thomas, and several entities owned by them for breach of fiduciary duty and a disguised fraudulent transfer. The United States charged Paul Thomas with criminal violations of the Clean Water Act. In the criminal case, which was not covered by the automatic stay in the bankruptcy action, the United States and Paul Thomas entered into a plea agreement whereby Thomas received five years probation. Paul Thomas also entered into an agreement with the United States in which he agreed to pay restitution to the DEP in the amount of $443,400 for land reclamation costs and penalties, as well as $33,000 per month to treat the water flowing from T&T Fuels as long as acid drainage persisted. As a result of these agreements, the

DEP withdrew its proof of claim against the bankruptcy estate. Sheehan did not object to the DEP's withdrawal.

Sheehan settled the claims that he brought against the Thomas brothers and the various entities owned by them for a little over $100,000. With the sums received from the settlement, and the funds previously generated from the sale of T&T Fuel's assets, Sheehan prepared a report seeking authority to distribute the funds. Although the attorneys Sheehan hired were entitled to fees on a contingent fee basis measured by the benefit to the estate, they reduced their fees so that unsecured creditors could receive at least 50% of the amount for which the unsecured creditors had filed proofs of claim.

On November 2, 1999, Sheehan filed a motion in the bankruptcy court, requesting that a constructive trust be imposed on the DEP and that the court require the DEP to make a direct payment of a quantum meruit fee for the benefit the DEP received as a result of the efforts of Sheehan's attorneys in the bankruptcy proceedings. The bankruptcy court held that although the attorneys performed valuable services for the DEP and should, as a matter of moral principle, be compensated by the DEP, the Eleventh Amendment barred Sheehan's claim for attorneys' fees against the DEP. Sheehan appealed the bankruptcy court's decision to the district court, and on December 12, 2001, the district court affirmed the decision of the bankruptcy court. This appeal followed. This court has jurisdiction pursuant to 28 U.S.C.A. § 158(d) (West 1993).

On appeal, Sheehan contends that by filing a proof of claim, the DEP waived its Eleventh Amendment immunity to his claim for attorneys' fees. Because Sheehan's appeal raises an issue of law, our review is de novo. *Accord Cypher Chiropractic Ctr. v. Runski (In re Runski)*, 102 F.3d 744, 745 (4th Cir. 1996).

## II.

The Eleventh Amendment, in conjunction with related principles of state sovereign immunity, bars federal courts from hearing any suit "commenced or prosecuted against one of the United States by Citizens of another State," U.S. Const. amend. XI, or by its own citizens, *Hans v. Louisiana*, 134 U.S. 1, 10, 20 (1890). A state, of course,

remains free to waive its immunity from suit in a federal court. *See, e.g.*, *Lapides v. Bd. of Regents of the Univ. Sys. of Ga.*, ___ U.S. ___, 122 S.Ct. 1640, 1646 (2002) (holding that a state waives Eleventh Amendment immunity when it removes a case from state court to federal court). The only issue presented in this appeal is whether the DEP waived its Eleventh Amendment immunity.*

While the Court in *Lapides* did not address the scope of such a waiver, the Court previously has held that when a state "files a claim against the fund [in a bankruptcy action] it waives any immunity which it otherwise might have had respecting the adjudication of the claim." *See Gardner v. New Jersey*, 329 U.S. 565, 574 (1947). The Court in *Gardner* reasoned that if a state invokes the aid of the bankruptcy court in collecting a debt, it must submit to the bankruptcy court's process of adjudicating the competing interests in the bankruptcy estate. *Id.* We have held "that to the extent a defendant's assertions in a state-instituted federal action, including those made with regard to a state-filed proof of claim in a bankruptcy action, amount to a *compulsory* counterclaim, a state has waived any Eleventh Amendment immunity against that counterclaim in order to avail itself of the federal forum." *Schlossberg v. Maryland (In re Creative Goldsmith of Washington, D.C., Inc.)*, 119 F.3d 1140, 1148 (4th Cir. 1997).

A counterclaim is compulsory "if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." Fed. R. Civ. P. 13(a). Sheehan's action in this case, for attorneys' fees incurred pursuing causes of action for the bankruptcy estate, does not arise out of the same transaction or occurrence supporting the DEP's proof of claim for pollution clean-up. Rather, Sheehan's claim arises from the DEP's decision to enter into a plea agreement with Paul

---

*We do not address Sheehan's argument that our previous decision holding that "Congress has no authority under the Bankruptcy Clause, U.S. Const. art. I, § 8, cl. 4, to abrogate state sovereign immunity in federal courts," *Schlossberg v. Maryland (In re Creative Goldsmith of Washington, D.C., Inc.)*, 119 F.3d 1140, 1145 (4th Cir. 1997), should be reconsidered and overruled. *See Laughlin v. Metro. Wash. Airports Auth.*, 149 F.3d 253, 260 (4th Cir. 1998) (stating that a panel cannot overrule a decision of a prior panel).

Thomas and withdraw its proof of claim. Adjudicating Sheehan's claim, therefore, would require more than a determination of DEP's interest in a bankruptcy estate. Specifically, it would require the bankruptcy court to exercise jurisdiction over the DEP, as opposed to a bankruptcy estate, *see Virginia v. Collins (In re Collins)*, 173 F.3d 924, 928 (4th Cir. 1999) ("[T]he power of the bankruptcy court to enter an order confirming a plan . . . derives not from jurisdiction over the state or other creditors, but rather from jurisdiction over debtors and their estates" (internal citation omitted)), and to determine whether Sheehan's attorneys should receive payment from the West Virginia Treasury for the benefit of their services to the state, thus possibly entering a judgment against the DEP, *see Gardner*, 329 U.S. at 574 (explaining that while a state's proof of claim may be "rejected in toto, reduced in part, given a priority inferior to that claimed, or satisfied in some way other than payment in cash," no judgment is entered against the state). Because Sheehan's claim for attorneys' fees does not amount to a compulsory counterclaim against DEP's proof of claim, the DEP has not waived its Eleventh Amendment immunity with respect to the adjudication of Sheehan's claim.

### III.

Having reviewed the record, briefs, and applicable law and having considered the oral arguments of the parties, we conclude that the district court was correct. Accordingly, we affirm on the basis of the district court's well-reasoned opinion. *See Sheehan v. W. Va. Dep't of Envtl. Prot. (In re T&T Fuels, Inc.)*, No. 2:00CV83 (N.D. W. Va. Dec. 12, 2001).

*AFFIRMED*