**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 13-2393
_____

ALEXANDRIA CONSULTING GROUP, LLC,

                    Appellant,

     v.

ALEXANDRIA SURVEYS INTERNATIONAL LLC,

                    Debtor – Appellee,

ALEXANDRIA SURVEYS, LLC,

                    Appellee.

_____

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.   Liam O'Grady, District
Judge.  (1:13-cv-891-LO-TCB; 10-11559-BFK)

_____

Argued: December 9, 2014           Decided: December 30, 2014

_____

Before WILKINSON, SHEDD, and THACKER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Robert Lee Vaughn, Jr., O'CONNOR & VAUGHN LLC, Reston, Virginia,
for Appellant.  Richard George Hall, Annandale, Virginia, for
Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alexandria Surveys International (ASI), a residential surveying firm, filed for Chapter 11 bankruptcy in 2010. After failing to submit a reorganization plan, ASI converted to a Chapter 7 proceeding. On May 18, 2012, the Trustee issued a Report of No Distribution and closed the case. In November 2012, Alexandria Consulting Group (ACG), another residential surveying firm, moved to reopen the proceeding under 11 U.S.C. § 350(b), stating that it desired to purchase unscheduled personal property remaining in the estate. This property, which included ASI's customer lists, survey files, web address, and phone and facsimile numbers, was in the possession of yet another residential surveying firm, Alexandria Surveys, LLC (Alexandria LLC). Over ASI's objection, the bankruptcy court granted the motion to reopen and eventually ordered an auction for the sale of the property in question. Alexandria LLC was not a party to the motion to reopen, but it did participate in the auction. ACG won the auction, and Alexandria LLC appealed to the district court.

On appeal, the district court, conducting its de novo review, concluded that ACG lacked standing to reopen the bankruptcy case. Alexandria Surveys Int'l, LLC v. Alexandria Consulting Grp., LLC, 500 B.R. 817 (E.D. Va. 2013). The district court began by explaining that Federal Rule of Bankruptcy

Procedure 5010 "only permits a case to be reopened 'on motion of the debtor <u>or other party in interest</u>.'" <u>Id.</u> at 820 (quoting Fed. R. Bankr. Proc. 5010) (emphasis in original). The district court concluded that parties in interest include the debtor, the trustee, or a creditor and that because it was "undisputed" that ACG was "not a creditor of the debtor" or a "participant in the original case," it lacked standing to reopen ASI's bankruptcy. <u>Id.</u>

ACG now appeals from the district court's order. In appeals from bankruptcy, "[w]e review the decision of the district court de novo, effectively standing in its shoes to consider directly the findings of fact and conclusions of law by the bankruptcy court." <u>In re Runski</u>, 102 F.3d 744, 745 (4th Cir. 1996). "[W]e review legal conclusions by the bankruptcy court de novo and may overturn its factual determinations only upon a showing of clear error." <u>Id.</u> Applying this standard of review, we agree with the district court that ACG lacked standing to reopen ASI's bankruptcy case, and we affirm substantially on its reasoning. See <u>Alexandria Surveys</u>, 500 B.R. at 820-21.[*]

<u>AFFIRMED</u>

---

[*] The district court also addressed the merits of Alexandria LLC's appeal from the bankruptcy court. Because we agree with the district court that ACG lacked standing to reopen the case, we do not address these issues.